UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL GRUNES,<br><br>                Plaintiff,<br><br>v.<br><br>TAPROOT FARMS, CO.,<br><br>                Defendant. | Case No. ____<br><br>**COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY DEMANDED** |

Plaintiff Daniel Grunes, by and through his attorneys, Lincoln Square Legal Services, Inc., for his Complaint against defendant, Taproot Farms, Co. ("Defendant"), alleges:

## PARTIES

1. Plaintiff is an individual resident of Hudson County in the State of New Jersey who does frequent business in New York.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Alaska, having its principle place of business in Sutton, Alaska.

## JURISDICTION

3. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*

4. Jurisdiction of this Court is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).

5. Upon information and belief, personal jurisdiction in this District is proper inasmuch as, among other reasons, Defendant has solicited and conducted business in the State of New York thereby purposefully availing itself of the privilege of acting in the State of New York. Personal jurisdiction is also proper under New York's long-arm statute, N.Y. C.P.L.R. § 302, because Defendant also regularly does or solicits business in the State of New York.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and in that Defendant is subject to personal jurisdiction in this District with respect to this action.

## FIRST CAUSE OF ACTION
### (Registered Trademark Infringement)

7. Plaintiff is the owner of U.S. Reg. No. 4396302, issued September 3, 2013, for the trademark TAPROOT ORGANICS as applied to bar soap, bath salts, bath soaps, body butter, body emulsions, essential oils, facial cleansers, hair shampoo, hand soaps, laundry soap, lip balm, potpourri, shaving soaps, and skin creams, all of the foregoing goods comprising organic materials. Attached hereto as Exhibit A is a copy of Plaintiff's registration certificate.

8. Plaintiff has used the TAPROOT ORGANICS mark in commerce throughout the United States continuously since March 16, 2013, in connection with the manufacture, distribution, offering for sale, sale, marketing, advertising, and promotion of bar soap, bath salts, bath soaps, body butter, body emulsions, essential oils, facial cleansers, hair shampoo, hand soaps, laundry soap, lip balm, potpourri, shaving soaps, and skin creams, all of the foregoing goods comprising organic materials.

9. As a result of Plaintiff's widespread and continuous use of the TAPROOT ORGANICS mark to identify Plaintiff's goods and Plaintiff as their source in both the New York area and throughout the United States, Plaintiff owns valid and subsisting federal statutory and common law rights to the TAPROOT ORGANICS mark.

10. Plaintiff's TAPROOT ORGANICS mark is distinctive to both the consuming public and Plaintiff's trade.

11. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the TAPROOT ORGANICS mark including through Plaintiff's online website, social media, and through point of purchase materials and supplies at his stalls in various New York locations.

12. Upon information and belief, and without Plaintiff's authorization, Defendant distributes, markets, advertises, promotes, and offers for sale and/or sells bar soaps, facial moisturizers, serums, body butters, essential oils, diffusers, perfumes, and lip balms under the mark, TAPROOT FARMS, throughout the United States, including the State of New York, through the use of Defendant's website www.taprootfarmsak.com.

13. Upon information and belief, Defendant distributes, markets, advertises, promotes, and offers for sale and/or sells under the TAPROOT FARMS mark through Internet sales. This trade channel overlaps and is similar to a main trade channel used by Plaintiff.

14. Upon information and belief, Defendant's "Grand Opening" of its website displaying the TAPROOT FARMS mark occurred on or about May 23, 2013. Attached hereto as Exhibit B are true and correct copies of Defendant's Facebook and Twitter posts announcing its "Grand Opening."

15. Upon information and belief, and without Plaintiff's authorization, Defendant operates an Etsy Page with the TAPROOT FARMS mark at www.etsy.com/shop/TaprootFarmsCo, and has made only one sale through the Etsy Page, on or about March 24, 2013.

16. Without Plaintiff's authorization, and beginning after Plaintiff acquired protectable exclusive rights in its TAPROOT ORGANICS mark, Defendant first used the TAPROOT FARMS mark in connection with Defendant's website.

17. Upon information and belief, Defendant has marketed and sold goods to consumers residing in the state of New York through its website at www.taprootfarmsak.com.

18. The TAPROOT FARMS mark as adopted and used by Defendant is confusingly similar to Plaintiff's TAPROOT ORGANICS mark in appearance, sound, and commercial impression.

19. There is a relatedness and competitive proximity of the goods offered under Plaintiff's TAPROOT ORGANICS mark and Defendant's TAPROOT FARMS mark.

20. Defendant's continued use of the TAPROOT FARMS mark as a purported designation for its bath and body products is likely to cause confusion, cause mistake, or to deceive as to origin, sponsorship or approval of goods distributed by Plaintiff.

21. The conduct of Defendant threatens Plaintiff with irreparable harm for which it has no adequate remedy at law.

22. Defendant is liable for registered trademark infringement in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1125(a))

23. Paragraphs 1-21, above, are realleged and incorporated by reference as if set forth in full.

24. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

## THIRD CAUSE OF ACTION
### (Unfair Competition)

25. Paragraphs 1-21, above, are realleged and incorporated by reference as if set forth in full.

26. On or about June 26, 2015, Plaintiff contacted Defendant concerning Defendant's infringing use of the TAPROOT FARMS mark and offered to resolve the matter without litigation.

27. Upon information and belief, and despite Plaintiff's good faith efforts to resolve this dispute, Defendant has used delay tactics to prevent resolution of the dispute.

28. Upon information and belief, to date, Defendant has not ceased its use of the TAPROOT FARMS mark after being notified that its use of the TAPROOT FARMS mark is likely to cause confusion.

29. Upon information and belief, Defendant is using the TAPROOT FARMS mark in bad faith and with intent to injure, weaken or destroy Plaintiff's rights in the TAPROOT ORGANICS mark, and to appropriate goodwill belonging to Plaintiff.

30. Defendant is liable for unfair competition under New York common law.

WHEREFORE, Plaintiff prays that the Court:

(i) Declare, adjudge, and decree that the Defendant is liable to Plaintiff for registered trademark infringement and violation of 15 U.S.C. § 1125(a);
(ii) Grant a permanent injunction restraining Defendant from acts constituting trademark infringement and violations of 15 U.S.C. § 1125(a);
(iii) Grant a permanent injunction directing Defendant to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, or advertisements bearing the TAPROOT FARMS Mark;
(iv) Award Plaintiff compensatory damages as provided by law;
(v) Award Plaintiff statutory damages as provided by law;
(vi) Award Plaintiff punitive damages as provided by law;
(vii) Award Plaintiff treble damages as provided by law;
(viii) Declare this case exceptional and award Plaintiff its reasonable attorneys' fees incurred in filing and prosecuting this action for declaratory and injunctive relief; and
(ix) Award Plaintiff such other and further relief as the Court may deem just and proper.

Dated: December 22, 2015
New York, New York

Respectfully submitted,

Lincoln Square Legal Services, Inc.

By: _____
Ron Lazebnik

150 West 62nd Street, 9th Floor
New York, NY 10023
Telephone: 212.636.6934
rlazebnik@lsls.fordham.edu

*Attorneys for Plaintiff Daniel Grunes*

4